UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JOSHUA WOODARD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 08-2167 |
| KEN HARRISON and ) | |
| WEATHER COMMODITIES ) | |
| SOLUTIONS, L.L.C., ) | |
| ) | |
| Defendants. ) | |

# ORDER

In July 2008, Plaintiff Joshua Woodard filed a complaint against Defendants Ken Harrison and Weather Commodities Solutions, LLC, in the Champaign County Circuit Court (Case No. 08-CH-269). Defendants subsequently removed the case to federal court, alleging federal jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (Notice of Removal, #1.) The parties have consented to the exercise of jurisdiction by a federal magistrate judge.

In August 2008, Defendants filed a Motion To Dismiss Plaintiff's Complaint (#6). In September 2008, Plaintiff filed his Response to Motion To Dismiss (#11). After reviewing the parties' pleadings and memoranda, this Court **GRANTS in part** and **DENIES in part** Defendants' Motion To Dismiss Plaintiff's Complaint **(#6)**.

## I. Background

Plaintiff's complaint alleges four counts as follows: Counts I and II, against Defendant Harrison and Defendant Weather Commodities Solutions, respectively, seek an injunction. Count III, against Harrison, alleges misappropriation of trade secrets, and Count IV, against Harrison, alleges fraud.

In Counts I and II, Plaintiff alleges that he developed rating system software for the insurance industry called the Wedge Combo System and Method Documentation. (#1, ¶ 3.) Defendant Harrison told Plaintiff he was interested in a prospective business arrangement to

develop an insurance product using Plaintiff's software. (#1, ¶ 4.) Defendant entered into a Confidentiality Agreement in which Plaintiff agreed to disclose confidential and proprietary information in order to further the prospective business. (#1, ¶ 5.) Plaintiff subsequently disclosed to Defendant certain proprietary and confidential information regarding his software. (#1, ¶ 7.) After that, the parties terminated their relationship and Defendant claimed ownership interest in Plaintiff's software. (#1, ¶¶ 8-9.) Defendant is contacting other parties in an effort to develop business relationships with them based on Plaintiff's software. (#1, ¶ 10.) Plaintiff will suffer irreparable harm in the absence of an injunction. (#1, ¶ 13.)

In his claim for misappropriation of trade secrets, Plaintiff alleges that the information he disclosed constitutes a trade secret and he disclosed this information specifically for the purpose of discussing a prospective business arrangements. (#1, ¶¶ 21, 24.) Defendant Harrison was aware of that. (#1, ¶ 22.) Harrison claimed the information as his own and intends to use it to develop business and to market Plaintiff's software as his own, thus misappropriating Plaintiff's trade secrets. (#1, ¶¶ 23-24.) Defendant's misappropriation damaged Plaintiff's ability to market his software. (#1, ¶ 25.)

In his fraud claim, Plaintiff alleges that Defendant Harrison told Plaintiff that he intended to use the information disclosed pursuant to the Confidentiality Agreement for the development of mutual business. (#1, ¶ 18.) Defendant knew that Plaintiff would rely on this statement and Plaintiff did rely on the statement. (#1, ¶¶ 19-20.) Based on Defendant's assurance, Plaintiff disclosed the confidential information. (#1, ¶ 21.) As a result, Plaintiff has been damaged. (#1, ¶ 22.)

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff

must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

### III.  Analysis

Defendants argue that the Court should dismiss the claims for the following reasons: (1) Counts I and II are moot because Defendants do not use and will not use or disclose the intellectual property at issue; (2) Count III fails to state a claim because Plaintiff failed to allege the existence of a trade secret or that Defendants had actually used the trade secret; (3) Count IV fails to plead fraud with particularity; and (4) alternatively, the Illinois Trade Secrets Act (765 ILCS 1065/8) (hereinafter "ITSA") preempts the fraud claim in Count IV.

Defendants' argument regarding Counts I and II relies on averments by Ken Harrison. *See* Declaration of Ken Harrison, #7-2. Thus, the argument raises factual issues that the Court cannot consider on a motion to dismiss. *See Venture Assocs.*, 987 F.2d at 431 (at the motion to dismiss stage, the Court is limited to considering the allegations contained in the pleadings). Accordingly, the Court denies the motion to dismiss Counts I and II.

Regarding Count III, Defendants argue that Plaintiff failed to adequately allege the elements of a claim of misappropriation of trade secrets. To state a claim for misappropriation of trade secrets, a plaintiff must allege that the information at issue (1) was indeed a trade secret, (2) was misappropriated, and (3) was used in defendant's business. *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 927 (N.D. Ill. 1999) (citing *Composite Marine Propellers, Inc. v. Van Der Woude,* 962 F.2d 1263, 1265-66 (7th Cir. 1992)). Defendants specifically contend that Plaintiff failed to allege the existence of a trade secret and the use element.

By definition, a trade secret is information that (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality. 765 ILCS 1065/2(d). Here, Plaintiff has alleged that his software had value, as indicated by his allegations that it was the basis for development of a marketable insurance product. Furthermore, Plaintiff alleged that he tried to protect its confidentiality by entering into a Confidentiality Agreement. Thus, Plaintiff has adequately alleged a trade secret.

However, the Court agrees that Plaintiff has not alleged the element of use. In Count III, Plaintiff alleged that Defendant Harrison "intends to use [the software] to develop business." (#7, ¶ 23.) As Defendants noted, one element of a misappropriation claim is use, and Plaintiff's claims that Defendant intends to use the trade secrets do not satisfy the use element. *Teradyne, Inc. v. Clear Commc'ns Corp*., 707 F. Supp. 353, 357 (N.D. Ill. 1989) ("All that is alleged, at bottom, is that defendants could misuse plaintiff's secrets, and plaintiffs fear they will. This is not enough. It may be that little more is needed, but falling a little short is still falling short."); *Magellan*, 76 F. Supp. 2d at 927 (stating that an allegation of defendant Salzgitter's "attempts to sell" trade secrets "does not state a claim of threatened (much less actual) misappropriation, for it does not say that Salzgitter has in fact used or threatened to use the asserted trade secrets themselves, or even that it will inevitably do so"); *Complete Bus. Solutions, Inc. v. Mauro*, No. 01-C-0363, 2001 WL 290196, *5 (N.D. Ill. Mar. 16, 2001) (unreported) (stating that

allegations that the plaintiff "could misuse the information" or that the plaintiff "fears that he will" misuse the information are insufficient to allege misuse). As a result, the Court dismisses Count III without prejudice.

Regarding Count IV, Defendant argues that the ITSA preempts the fraud claim. The Court agrees. Section 8(a) of the statute provides that the Act "is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065/8(a). The ITSA defines misappropriation as an acquisition by improper means, including by misrepresentation. 765 ILCS 1065/2(a). In *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 974 (N.D. Ill. 2000), the plaintiff alleged, among other things, that its former employee and his current employer fraudulently misrepresented and concealed that they took and used plaintiff's computers, disks, and documents containing confidential information. The court granted summary judgment to the defendants on the fraud claim, finding that the fraud allegations merely restated the plaintiff's claim for misappropriation of trade secrets. *Id.* Similarly, in *Master Tech Products, Inc. v. Prism Enterprises, Inc.,* Master Tech alleged that Prism committed fraud and deception by representing that it was interested in acquiring the plaintiff or its assets, that Prism would use confidential information disclosed to it by plaintiff solely for the purpose of evaluating the possible acquisition, and that Prism would not use the confidential information obtained from plaintiff for its own benefit or to the detriment of plaintiff. Master Tech claimed that without Prism's alleged misrepresentations, Master Tech would not have disclosed any confidential information to Prism. The court found that the ITSA preempted the fraud claims, explaining that "[a]ll of these allegations amount to a claim that Prism misrepresented, concealed and lied about the taking and use of Master Tech's confidential information. As such, these allegations simply restate Master Tech's claim for misappropriation of trade secrets." *Master Tech Prods., Inc. v. Prism Enters., Inc.*, No. 00-C-4599, 2002 WL 475192, *3 (N.D. Ill. Mar. 26, 2002) (unreported).

Here, Plaintiff's fraud claim indicates that Defendants acquired the trade secrets that were the subject of the Confidential Agreement based on misrepresentation and the fraud

resulted in or furthered Defendants' misappropriation of trade secrets. Notwithstanding Plaintiff's argument, the allegations of fraud do not go beyond a "tort . . . providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065/8(a). Accordingly, the Court concludes that the ITSA preempts the fraud claim.

### IV.  Summary

For the reasons set forth above, this Court **DENIES** Defendant's Motion To Dismiss Plaintiff's Complaint **(#6)** as to Counts I and II, and **GRANTS** the motion as to Counts III and IV. Because it is conceivable that Plaintiff can state a claim for misappropriation of trade secrets in Count III, the Court dismisses Count III without prejudice and grants Plaintiff leave to file an amended complaint within fourteen (14) days of the filing date for this order.

ENTER this 24th day of October, 2008.

                                                                              s/ DAVID G. BERNTHAL
                                                                                U.S. MAGISTRATE JUDGE